UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

CRAIG CHILDRESS,  )
   Plaintiff,  )
   v.  )  15-CV-4110
JOSEPH HANKINS, et al.,  )
   Defendants.  )

**MERIT REVIEW OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C.

§ 1915(d)(2).  Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*.  He alleges that he is a paraplegic, needing frequent daily catheterizations to empty his bladder, a wheelchair, a wheelchair-accessible room and toilet, grab bars by the toilet, and a shower seat.  For years Plaintiff has allegedly received these accommodations, per order of the doctor on site.

On June 18, 2015, Plaintiff was allegedly removed from his room and placed in a segregation cell without the necessary

accommodations or any written notice of any rules he had broken. Handcuffs were allegedly placed too tightly on Plaintiff intentionally during the transport, and Plaintiff was wheeled to segregation in an aggressive manner intended to frighten him.

All of the Defendants allegedly ignored Plaintiff's pleas for a room that would accommodate his medical condition, remarking that Plaintiff should have thought of that before pursuing lawsuits against them. For six days Plaintiff was allegedly kept in the cell with no way to safely use the toilet or to clean himself. He was not permitted to send out any correspondence, including legal mail. He was allegedly forced to sit and lay in his own urine and feces, with no change of clothes, soap, toothpaste, toothbrush, or other necessities during this entire time. Eventually his shower chair was brought in, but the chair allegedly had been altered and was unstable. Plaintiff fell three times while trying to access the toilet in the segregation cell, once striking his face against the ground, which ultimately required him to have x-rays of his face. He did not eat for six days in hopes of reducing his need for a bowel movement. Plaintiff alleges that all Defendants were aware of these

conditions and intentionally left Plaintiff in the cell, in retaliation for Plaintiff's grievances, complaints, and lawsuits.

On June 23, 2015, Plaintiff was given written notice accusing him of breaking facility rules.  However, later that day, Plaintiff received another document finding him guilty by some of the same individuals who had engineered his placement in the segregation cell.  Plaintiff allegedly had no opportunity to attend the disciplinary hearing or defend himself against the charge.  Plaintiff was released from segregation on June 23, 2015, but he only received one or two jumpsuits and still had no working shower stool, which meant that he had to continue wearing clothes soiled in urine and feces.

## ANALYSIS

Plaintiff's allegations set forth plausible constitutional claims for inhumane conditions of confinement, deliberate indifference to his serious medical needs, retaliation for exercising his First Amendment rights, and procedural due process violations. Plaintiff's Complaint sets forth 12 separate counts in his complaint which include these claims as well as additional constitutional claims (conspiracy, religious exercise, unconstitutional policy, excessive restraint) and supplemental state law claims (intentional

infliction of emotional distress, assault and battery). Typically in this order the Court will delineate the only claims that can proceed, but that would be premature in this case, given that Plaintiff's complaint is well written and clearly sets forth his legal claims he wishes to pursue. Thus, whether all of the counts in Plaintiff's complaint state viable claims will be determined after Defendants have appeared and have filed an appropriate motion.

**IT IS ORDERED:**

    1.   Plaintiff's complaint will be sent for service pursuant to the standard procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

    2.   The Court will attempt service on Defendants by sending each Defendant a waiver of service. Defendants have 60 days from the date the waiver of service is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel

within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After counsel has appeared for Defendants, the Court will enter a scheduling order setting deadlines for discovery and dispositive motions.

  3. With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

  4. Defendants shall file an answer within 60 days of the day the waiver of service is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

  5. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document

electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

6. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

7. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

8. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

9.   **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

10.   **The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.**

ENTERED: 1/8/2016

FOR THE COURT:

<u>     **s/James E. Shadid**      </u>
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE